IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| THE AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 99-721C |
| | ) | Judge Allegra |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDING OF UNCONTROVERTED FACTS**

Pursuant to Rule 56(h)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits the following proposed findings of uncontroverted fact in support of our Motion for Summary Judgment.

1. On February 14, 1994, G & C Enterprises, Inc. ("G & C") entered a firm fixed price construction contract ("the contract") with the United States for the construction of an aircraft parking apron and jet fuel storage facility at the Air National Guard Base located on McGuire Air Force Base, New Jersey. App. 1[1]; Comp. 7. [2] The total fixed price contract sum was $10,380,390. Id.

2. Pursuant to requirements of the Miller Act, 40 U.S.C. § 270, et seq., G & C contracted with plaintiff, The American Insurance Company ("American") to obtain payment and performance bonds for the contract. Comp. 8 - 9.

3. G & C experienced difficulties completing the contract. Comp. 11, 14. As a result of these difficulties, American requested that it, G & C, and the Government discuss the state of the contract and determine what should be done to resolve potential problems. Comp. 15.

---

[1]"App.__" refers to a page of the appendix attached to this filing.

[2]"Comp. __" refers to a paragraph of plaintiff's complaint.

4. American never entered a default of its surety agreement against G & C. Comp. 16.

5. American never requested that the contracting officer cease payments to G & C. App. 2. In fact, American ultimately agreed that all contract payments should continue to be made to G & C. Id.

6. Ultimately, American managed completion of the contract by G & C without the use of a formal takeover agreement. Comp. 17. American notified the contracting officer of its retention of a completion contractor (which would act as a subcontractor to G & C) by letter dated May 23, 1997. App. 1.

7. From time to time during performance of the contract, G & C submitted requests for progress payments to the contract officer. App. 4 - 5. These payment requests included a progress report by G & C which reflected that it had completed the work for which payment was requested. App. 5.

8. By the time American became involved in the completion of the contract, the contracting officer made the requested progress payments to G & C for approximately 97 percent of the contract price. Comp. 18. The remainder of the contract balance was approximately $307,118. Comp. 23.

9. The contract contains no clause requiring the Government to retain any portion of the progress payments. App. 2.

10. The contract contains two clauses relating to progress payments, which are included in the appendix to this filing. See App. 6 - 15.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
(202) 305-7586
(202) 514-7969 (fax)
Attorneys for Defendant

OF COUNSEL:
J. MACKEY IVES
Department of the Army
Arlington, VA

December 22, 2003

APPENDIX

Index to Appendix

Declaration by John W. Simms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Excerpts from deposition of John W. Simms . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Excerpts from contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6